IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TAU TECHNOLOGIES LLC,

    Plaintiff,

v.                                                     No. 1:24-cv-48 DLM/KRS

KNIGHT SCIENTIFIC SYSTEMS, LLC,
ROBERT J. RITTER, JOHN J. KELLY,
WILLIAM CULVER, ALAN ANDREWS, and
PHILIP SOLTERO,

    Defendants.

## ORDER GRANTING MOTION TO COMMENCE EXPEDITED LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion to Commence Expedited Limited Discovery on Nonparty Backblaze, Inc., (Doc. 5), filed January 29, 2024. Because this request involves a third party and is time sensitive, the Court does not require further briefing on the Motion. Having considered the Motion, record of the case, and relevant law, the Court GRANTS the Motion.

Plaintiff filed its Complaint on January 12, 2024, alleging that its former owner-employees misappropriated Plaintiff's confidential and proprietary work product to compete against Plaintiff. (Doc. 1). Plaintiff states that none of the Defendants have been served, though they have all been notified of the lawsuit and this Motion. (Doc. 5) at 6. Plaintiff asks the Court to grant it leave to commence limited discovery to obtain evidence from non-party Backblaze, Inc., a cloud-based backup and storage service. Plaintiff states that evidence of the use of its proprietary work product "may be held in a Backblaze account that was purchased by one of Tau's former employees and Defendant in this action, Robert J. Ritter." (Doc. 5) at 1-2. Defendant Ritter purchased the storage account from Backblaze using Plaintiff's credit card

while he was employed by Plaintiff, but Plaintiff does not use Backblaze for storage of its proprietary software information. *Id.* at 2; (Doc. 5-2). Plaintiff "believes the account was purchased by Defendant Ritter for other purposes, such as being used to transfer and store Tau's proprietary information for use at his competing business Knight Scientific." (Doc. 5) at 2.

Plaintiff asks for leave to serve discovery on Backblaze "to secure any evidence or information … held in the account that Defendant Ritter purchased." *Id.* at 4. Plaintiff makes this request with urgency "because Backblaze generally only maintains records of deleted files for 30 days," so there is a substantial risk that the evidence Plaintiff intends to subpoena may be destroyed if Plaintiff waits to serve a subpoena under the normal discovery schedule. *Id.* Plaintiff states that it sought Defendant Ritter's position on this Motion on January 19, 2024, but he has not responded. *Id.* at 6.

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order." Courts allow expedited discovery outside the regular sequence of discovery upon a showing of good cause. *See Escano v. RCI LLC*, 2022 WL 17250348, at *2 (D.N.M.); *Crazy ATV, Inc. v. Probst*, 2014 WL 201717, at *1 (D. Utah). Good cause may be satisfied "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties … ." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003); *see also Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.,* 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing expedited discovery on finding that preservation of evidence constituted good cause). The Court finds that Plaintiff has shown sufficient good cause to allow expedited discovery as to Backblaze based on Backblaze's policy of only preserving data for thirty days after it has been deleted. *See*

(Doc. 5-3) at 2 (printout from Backblaze website stating: "By default, Backblaze saves any old versions or deleted files for 30 days … .").

IT IS THEREFORE ORDERED that Plaintiff's Motion to Commence Expedited Limited Discovery on Nonparty Backblaze, Inc., (Doc. 5), is GRANTED and Plaintiff may serve discovery on Backblaze prior to the parties conferring under Rule 26(f).  Plaintiff must serve Defendants with a copy of this Order and any discovery requests served on Backblaze as required by Fed. R. Civ. P. 45.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE